UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BRYCE THOMAS DANIELS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   3:22CV698-PPS/MGG |
| | ) |
| **UNIVERSITY OF NOTRE DAME,** | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Bryce Thomas Daniels was dismissed from the law school of the University of Notre Dame in his first semester there in the Fall of 2021. He has filed an amended complaint challenging that decision on a number of legal grounds. After Judge Robert L. Miller, Jr.'s ruling on Notre Dame's motion to dismiss, the claims that remain are gender discrimination in violation of Title IX (Count I) and breach of contract (Count IV). [DE 47.] Now before me is Daniels' motion seeking a preliminary injunction that "halts the order of dismissal issued by the University and requires the University to allow Plaintiff to reenter Notre Dame Law School in the Fall of 2024." [DE 51 at 28.] So he wants to undo Notre Dame's decision and be reinstated without having to apply for readmission. I held oral argument on the motion (and several others) on February 2, 2024. Daniels, who is representing himself, appeared. Notre Dame was represented by counsel. At the conclusion of the hearing, I announced that the motion for preliminary injunction would be denied. I outlined my reasoning from the bench, and now issue this opinion to flesh out the record.

**Factual Background**

Daniels claims he was dismissed from the law school after a very flawed process based on the meritless (even ridiculous, as he tells it) Title IX complaint by a Jane Doe with whom he had only the barest acquaintance but who developed a sudden and inexplicable hostility toward him. She tried to extract from him a promise that he would never speak to her again. He claims that she filed a Title IX complaint after he reflexively said "hey" to her in passing.

Notre Dame tells a very different version of the story. Various university officials have attested to receiving statements from several witnesses about Daniels making suicidal comments as well as threatening statements about other students, and having ready access to firearms, all of which triggered an emergency removal process. Notre Dame insists that (even at this preliminary stage) it is "indisputable that [Daniels] was not dismissed from Notre Dame, much less dismissed as result of a disciplinary process (or a Title IX process)," but instead he was "involuntarily withdrawn from Notre Dame as a result of the University's Threat Assessment & Management Team's independent determination, made months before Plaintiff was disciplined in any way, that he posed a potentially imminent threat of harm to himself or others." [DE 52 at 4.] Notre Dame maintains that complaints about the fairness of the disciplinary process have no relation to Daniels' removal.

### **Preliminary Injunction Standards**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), quoting 11A Wright, Miller & Kane, *Federal Practice and Procedure* §2948, pp. 129-130 (2d ed. 1995). The requirements for obtaining a preliminary injunction are familiar. Daniels must show that "(1) [he] will suffer irreparable harm in the absence of an injunction, (2) traditional legal remedies re inadequate to remedy the harm, and (3) [he has] some likelihood of success on the merits." *Camelot Banquet Rooms, Inc. v. United States Small Business Administration*, 24 F.4th 640, 644 (7th Cir. 2022).

If Daniels could meet these requirements, "the court must then balance the harm the moving part[y] would suffer if an injunction is denied against the harm the opposing parties would suffer if one is granted, and the court must consider the public interest, which takes into account the effects of a decision on non-parties." *Id.* I am also mindful that "[m]andatory preliminary injunctions – those 'requiring an affirmative act by the defendant' – are 'ordinarily cautiously viewed and sparingly issued.'" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020), quoting *Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

Because Daniels has not demonstrated irreparable harm that could not be addressed by traditional legal remedies, or a likelihood of success on the merits, I deny his request for preliminary injunction.

**Likelihood of Success on the Merits**

When assessing the merits of Daniels' claims for preliminary injunction analysis, I "do not accept [his] allegations as true, nor…give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. University of Southern Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Daniels' myopic focus on his dueling petty grievances with Jane Roe, to the exclusion of the reports suggesting his potential for violence to himself or others, prevent Daniels from demonstrating a likelihood of success. In short, Daniels has not presented *any* evidence that he was discriminated against by Notre Dame "on the basis of sex." *A.C. by M.C. v. Metropolitan School District of Martinsville*, 75 F.4th 760, 771 (7th Cir. 2023). That, of course, is the proof that Title IX demands. 20 U.S.C. § 1681(a). There is simply no evidence, for example, that Notre Dame received similar reports about any female student who was not, as a result, removed from the university. In the absence of such evidence, I cannot conclude that Daniels has established a likelihood of success on his Title IX discrimination claim. Similarly, in light of Notre Dame's convincing showing of a public safety basis for Daniels' removal from the university, Daniels has not shown that any procedural shortcomings of the Title IX process will entitle him to relief on a breach of contract theory either. On the record before me, Daniels is also unlikely to succeed on a breach of contract claim based on a contention that in removing him, Notre Dame acted in bad faith, arbitrarily or capriciously.

**Irreparable Harm**

As to irreparable harm, I first note the lapse of time between Daniels' removal from the university in the Fall of 2021 and his filing of the lawsuit in August 2022, and further to his filing of the motion seeking a preliminary injunction in December 2023. The injunctive relief he seeks is reinstatement to the law school as of Fall 2024. Where Daniels has no mitigating explanation, this considerable delay suggests that time is not of the essence, and weighs against any finding that Daniels is suffering irreparable harm. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001).

Daniels predicates his claim of irreparable harm on the interruption of his education and the stigma of his record reflecting an involuntary dismissal. The gap in Daniels' education has already occurred and cannot be precluded by the injunction he requests. In such circumstances, many courts have held that an educational gap does not constitute irreparable harm. *See, e.g., Doe v. Trustees of Indiana University*, No. 1:20-cv-02006-JRS-MJD, 2020 WL 7028030, at *3-4 (S.D.Ind. Nov. 30, 2020); *Doe v. Princeton Univ.*, No. 3:20-cv-4352-BRM-TJB, 2020 WL 2097991, at *7 (D.N.J. May 1, 2020); *Doe v. Board of Trustees of the Univ. Of Ill.*, No. 17-CV-2180, 2017 WL 11593304, at *2 (C.D.Ill. Dec. 18, 2017). As these and other courts have concluded, if a student ultimately prevails in a challenge to expulsion, the interruption in his education can be remedied by money damages. Any speculation about lasting damage to Daniels' reputation or career prospects is "too speculative to satisfy the irreparable harm requirement." *Princeton*, 2020 WL 2097991, at *7. *See also Bedrossian v. Northwester Memorial Hospital*,

5

409 F.3d 840, 845-46 (7th Cir. 2005) (damaged reputation and inability to find another job are not irreparable harm).

Finally, any attempt to demonstrate irreparable harm founders on the fact that Daniels has not availed himself of the opportunity to seek readmission to Notre Dame Law School short of litigation. Both parties agree that Daniels has now satisfied the conditions that were imposed on him as result of the post-departure conduct process, so that he is eligible to reapply for admission.

## Conclusion

Bryce Daniels has not succeeded in demonstrating a likelihood that he will succeed on the merits of either his Title IX or breach of contract claims. Nor has Daniels shown that he will suffer irreparable harm in the absence of the preliminary injunction he seeks. Because Daniels has not met his burden of persuasion on these several prerequisites of the extraordinary remedy of a preliminary injunction, his motion will be denied.

**ACCORDINGLY:**

Plaintiff Bryce Thomas Daniels' Motion for Preliminary Injunction [DE 50] is DENIED.

**SO ORDERED** on February 5, 2024.

　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE