UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRYCE THOMAS DANIELS,<br>  Plaintiff, | )<br>)<br>) | |
|   v. | ) | CAUSE NO.: 3:22-CV-698-PPS-JEM |
| UNIVERSITY OF NOTRE DAME,<br>  Defendant. | )<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Second Amended Complaint [DE 102], filed by Plaintiff Daniels, who is proceeding without counsel, on June 21, 2024. Defendants filed a response on July 22, 2024, and on July 24, 2024, Plaintiff filed a reply.

**I.   Background**

Plaintiff Daniels, who is proceeding without counsel, is suing Defendant Notre Dame for alleged civil rights violations and other damages arising out of his dismissal from the University of Notre Dame Law School following a complaint against him by another student.

On August 25, 2023, District Court Judge Robert L. Miller granted in part a motion to dismiss filed by Defendant Notre Dame, dismissing all but two of Plaintiff's claims for relief. Plaintiff's claims under Title IX and for breach of contract remain pending. Judge Philip P. Simon thereafter denied his motion for reconsideration.

Plaintiff applied for readmission to Notre Dame and now seeks to reallege his ADA, Rehabilitation Act, and negligence claims related to his reapplication. Defendant argues that the proposed amendments are futile because they still fail to state a claim for relief.

1

**II.     Analysis**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

A. ADA and Rehabilitation Act

Plaintiff seeks to reassert his ADA and Rehabilitation Act claims and add allegations that Defendant's rejection of his application for admission were based on a perceived disability. Defendant argues that the new allegations are futile and do not cure the previously-explained defects in the claims. The ADA and Rehabilitation Act require Plaintiff to make the same showing for "a prima facie case of discrimination," which is: "(1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability." *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015) (citing *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir.2005)).

Plaintiff asserts that Defendant denied him readmission to the law school because it believed he was not mentally well, despite contrary physician opinions, and failed to accommodate his perceived disability through readmission to the law program. Defendant argues that the proposed amendment fails for the same reasons as his previous complaint did: that the decision to deny him readmission was based on the committee's consideration of Plaintiff's conduct in 2021, not because of disability, and that Plaintiff has not alleged that he has a disability or that Defendant believes he has a disability that substantially limits major life activities.

Plaintiff alleges that the "readmission committee members had a clear demonstrated history of prejudicing Plaintiff" and denied his application for readmission "because he did not take 'accountability' for actions the University's OCS department said *did not even occur* . . . and based its decision entirely on preconceived notions of gender bias." ¶163. Plaintiff's gender or failure to take accountability are not disabilities. In addition, as Judge Miller explained, "[d]iscipline for

3

student misconduct allegedly caused by a disability isn't an adverse action under the ADA." Opn. p. 12 [DE 47]. Plaintiff's attempts to reassert his ADA and Rehabilitation Act claims based on Defendant's previous actions do not correct the earlier defects, and the claims cannot be resurrected.

Plaintiff also seeks to add allegations regarding his failed readmission attempt. His proposed amended complaint alleges that Defendant "believes that Plaintiff has a mental impairment that substantially limits one or more of his major life activities" and "took the adverse action against plaintiff of denying him admission based on the University's perception of disability." ¶169. This runs counter to Plaintiff's claims, discussed above, that the readmission decision was based on gender bias and/or Plaintiff's failure to take accountability for certain actions. ¶163. In addition, as explained, discipline or refusal to readmit Plaintiff based on violations of university policy via university procedures is not discrimination based on a disability. Furthermore, his allegations that Defendant falsely believed Plaintiff had an unspecified disability are insufficient to state a claim for disability discrimination. Plaintiff is merely reciting the components of a discrimination claim without identifying the alleged impairment or providing any factual basis for his allegations. As the Supreme Court explained, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In addition, "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy*

4

*City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Tr. Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff has not provided allegations about the supposed mental impairment. *See, e.g., Knox v. Rhodes*, No. 08-CV-277-JPG, 2010 WL 1418568, at *3 (S.D. Ill. Apr. 6, 2010) ("an assertion of mental illness-without anything more fails to establish a claim under the ADA and the Rehabilitation Act") (quotation marks omitted).

Similarly, for Plaintiff "[t]o establish a prima facie failure to accommodate claim under the ADA," he must show that "(1) [he] was a qualified individual with a disability; (2) [Defendant] was aware of h[is] disability; and (3) [Defendant] failed to reasonably accommodate [his] disability." *E.E.O.C. v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016) (citing James v. Hyatt Regency Chicago, 707 F.3d 775, 782 (7th Cir.2013)). Plaintiff's previous accommodation claim was dismissed in part because he had not identified a requested accommodation. He now seeks to allege that readmission was the requested accommodation. As Defendant argues, being allowed to attend school is not a request for an "accommodation" since it is not a requested "modification or adjustment" to the application process or school environment "that enable a qualified applicant with a disability to be considered for the position" or "enable an individual with a disability who is qualified to perform the essential functions." 29 C.F.R. § 1630.2(o)(1). Plaintiff does not allege that he was unable to complete the application process because of a disability, and failure to readmit him is not a failure to accommodate. As Judge Miller explained, "The Americans with

5

Disabilities Act doesn't require Notre Dame to accommodate a student in a way that would cause an end run around student conduct standards." Opn. p. 13 [DE 47] (citing *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1039 (7th Cir. 2021)). Plaintiff has failed to state an ADA accommodation claim.

### B. Negligence

Plaintiff seeks to amend his complaint for negligence. Defendant argues that it still fails to state a claim.

> To premise a recovery on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Holt v. Quality Motor Sales, Inc.*, 776 N.E.2d 361, 365 (Ind. Ct. App. 2002) (quoting *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991)).

Judge Miller found that Plaintiff's previous Complaint failed to state a claim for negligence because it did not establish a duty between the University and Daniels that Defendant was alleged to have breached. Defendant argues that the proposed amendment still fails to plead a special relationship between the parties that Defendant breached, so his negligence claim is futile.

Plaintiff's proposed amendment adds claims that Defendant was negligent in administering its Title IX claims, that the Threat Assessment Management Team was negligent when Plaintiff was removed from school, and that the readmission decision was based on a negligent determination that Plaintiff was not mentally well enough for law school. Defendant argues that Plaintiff still fails to establish a duty between the parties, and that any duty to people applying for enrollment is even less than what is due to current students. Plaintiff argues that the question of

whether there is a special relationship and corresponding duty is a factual question more appropriate for summary judgment. However, Plaintiff has failed to correct the defects in the previously-dismissed claims. Adding additional allegations of negligence does not establish a duty between the parties, and therefore still fails to state a claim under which Plaintiff can recover.

### III.   Conclusion

Plaintiff's proposed amendment would be futile, and therefore will not be permitted. Plaintiff may proceed on his initial Counts I and IV. The Court **DENIES** the Motion for Leave to File Second Amended Complaint [DE 102].

SO ORDERED this 30th day of September, 2024.

                                                   s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, pro se