IN THE UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRYCE THOMAS DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3-22-cv-00698-PPS-JEM |
| | ) | |
| UNIVERSITY OF NOTRE DAME, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVESRITY OF NOTRE DAME'S NOTICE OF
SUPPLEMENTAL DISCOVERY RESPONSES**

Pursuant to its obligation under N.D. Ind. L.R. 26-2(a)(2)(A), Defendant University of Notre Dame ("Notre Dame") provides the Court notice of its supplemental responses to Plaintiff's Supplemental Requests for Production and Second Supplemental Requests for Production.

**I.  Notre Dame's Supplemental Production in Response to Plaintiff's Supplemental Requests for Production.**

**Supplemental Request 1:** Produce all policies, procedures, organization documents, records of recommendation for dismissal since 2009 (including gender and reason(s) for recommendation, records of those monitored since 2009 (including gender and reason(s) for monitorship) for the Threat Assessment and Management Team [sic] ("TAMT").

**Response:** Notre Dame objects to this request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case, considering the importance of issues at stake in the action, the amount in controversy, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's remaining claims allege that the was treated differently than a student of another gender was treated in similar circumstances. As such, Plaintiff's request for "all . . . records of recommendation for dismissal since 2009" and a "records of those monitored since 2009" by TAMT is overbroad because it is not limited to individuals who were or may have been similarly situated to Plaintiff. As written, this Request is substantially overbroad and disproportionate to the needs of the case because it would require Notre Dame to review documents and files associated with numerous Notre Dame students, alumni, and employees who have been monitored by TAMT, and of dozens of Notre Dame personnel who have served on TAMT for a 15-year period. Notre Dame further objects to the term "organization documents" as vague and undefined. Finally, Notre Dame objects to this Request on the grounds that it seeks information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99, or otherwise confidential. Even subject to the confidentiality provisions of the stipulated protective order in place in this case, the overbreadth of this request places highly confidential and federally protected personal information of numerous students at risk without justification by the needs of this case. This is particularly true in light of Plaintiff's pending attempt to strike the stipulated protective order in this matter and hi stated intention to "leverage[] the publicity" of documents that Notre Dame contends are confidential and protected from disclosure under applicable law. Accordingly, Notre Dame will not produce any documents that it deems confidential

2

while Plaintiff's objection to the Court's ruling on Plaintiff's Motion to Strike remains pending.

Subject to and without waiving its objections, Notre Dame responds that other than the Emergency Actions procedures of the Notre Dame Conduct Process within *du Lac*, which was previously produced at DEF0000949, TAMT has no written policies, procedures, or "organization documents." Notre Dame further refers Plaintiff to the declaration of Michael Seamon, Dkt. 52-6, for a description of TAMT's practices. With respect to Plaintiff's request for records of recommendation for "dismissal' and records of those monitored by TAMT for emergent situations, Notre Dame response that TAMT does not make "recommendation[s] for dismissal," but rather has the authority to recommend an individual be removed from campus. Upon reaching a determination that a student could cause harm to themselves or others, the TAMT may make a recommendation to the Assistant Vice President for Student Services, or their designee, for such an emergency action; the Assistant Vice President for Student Services, or their designee, may then decide to withdraw or dismiss the student from Notre Dame.

As indicated in the list provided in response to Supplemental Request No. 2, TAMT has no records of monitoring any female students who were both considered a threat to self or others and involved a firearm or other weapon, yet whom TAMT did not recommend involuntary withdrawal. Thus, there are no records of students of a different gender than Plaintiff who were monitored by TAMT and who were treated differently than Plaintiff in similar circumstances. Accordingly, Notre Dame is not

producing any additional documents in response to Supplemental Request No. 1. However, Notre Dame is willing to confer with Plaintiff regarding production of redacted TAMT case records for particular of the student listed in response to Supplemental Request No. 2.

**Supplemental Response**: On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. Because the stipulated protective order remains in place and following a meet and confer with Plaintiff, Notre Dame supplements its previous response by producing to Plaintiff DEF00001411-1447.

**Supplemental Request 2:** Provide a list of all students at Notre Dame about whom the University is aware have been alleged to feel suicidal ideation, possess firearms on campus, or who have threatened other students (student reports, OCS, UCC visits, Memorial Epworth evaluations/admissions, etc.) since 2009 with names redacted but gender, category, and whether they were dismissed from the University indicated.

**Response:** Notre Dame objects to this request because it is overbroad, unduly burdensome, and seeks documents that are not relevant to any claim or defense and not proportional to the needs of the case, considering the importance of issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's remaining claims allege that he was treated differently than a student of another gender was treated in similar circumstances. As such, documentation related to other students is not relevant to any claims or defenses in this lawsuit unless the documentation relates to students whose conduct resulted in

4

the TAMT considering whether the student should be removed from the University on an emergency basis because the student (1) was assessed by the TAMT to constitute a threat to self and others, and (2) was believed to possess firearms or other weapons. Notre Dame also objects to the Request for a list of students whom Notre Dame is aware 'have been alleged to feel suicidal ideation' including through "UCC visits," on the grounds it seeks information protected by FERPA and the therapist-patient privilege. Even subject to the confidentiality provisions of the stipulated protective order in place in this case, the overbreadth of this request places highly confidential personal information of numerous students by both state and federal law at risk without justification by the needs of this case. This is particularly true in light of Plaintiff's pending attempt to strike the stipulated protective order in this matter and his stated intention to "leverage[] the publicity" of documents that Notre Dame contends are confidential and protected from disclosure under applicable law. Accordingly, Notre Dame will not produce any documents that it deems confidential while Plaintiff's Objection to the Court's ruling on Plaintiff's Motion to Strike remains pending. Notre Dame further objects on the grounds this Request seeks materials not within Notre Dame's custody and control insofar as it seeks documents in the possession of Memorial Epworth, which is an entity entirely separate from Notre Dame. Notre Dame further objects to this request as vague, ambiguous, and as seeking documents not relevant to this lawsuit, to the extent it seeks documents concerning students who were "dismissed" from Notre Dame when Plaintiff was not dismissed from Notre Dame but, rather, was withdrawn pursuant to the Emergency

5

Actions provision of *du Lac* after being recommended for an emergency removal by TAMT. Finally, Notre Dame objects to this request because it seeks to require Notre Dame to create a list that does not already exist in Notre Dame's possession or control, and this is an improper request for production of documents under Fed. R. Civ. 34.

Subject to and without waiving its objections, and to help facilitate and expedite discovery, Notre Dame responds by providing the following de-identified list of female students who have been monitored by TAMT where TAMT records reflect concerns both that the student posed a potential threat to self or others, and that a firearm or some other weapon(s) may have been involved. The list below includes (a) an anonymous identifier, (b) the year of the incident; (c) the gender of the student, (d) whether the TAMT was concerned that the student posed a threat to self, (e) whether the TAMT was concerned that the student posed a threat to others, (f) whether the TAMT was concerned that the student possessed firearms or other weapons, and (g) whether the TAMT recommended that student be removed from Notre Dame. This list covers the period between 2014 and the present, and excludes any cases involving ongoing monitoring of potentially emergent situations involving current students.

| Redacted Identity | Year | Gender | Threat to Self | Threat to Others | Firearm/ Weapon | Recommend Withdrawal |
|---|---|---|---|---|---|---|
| TAMT001 | 2015 | Female | Yes | No | Yes | No |
| TAMT002 | 2016 | Female | No | No | No | No |
| TAMT003 | 2022 | Female | No | Yes | No | Yes |
| TAMT004 | 2022 | Female | Yes | Yes | No | No |

**Supplemental Response:** On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. Because the stipulated protective order remains in place and following a meet and confer with Plaintiff, Notre Dame supplements its previous response by producing to Plaintiff DEF00001411-1447.

| Redacted Identity | Year | Gender | Threat to Self | Threat to Others | Firearm/ Weapon | Recommend Withdrawal | Supplemental Production |
|---|---|---|---|---|---|---|---|
| TAMT001 | 2015 | Female | Yes | No | Yes | No | DEF00001447 |
| TAMT002 | 2016 | Female | No | No | No | No | DEF00001442-1446 |
| TAMT003 | 2022 | Female | No | Yes | No | Yes | DEF00001416-1441 |
| TAMT004 | 2022 | Female | Yes | Yes | No | No | DEF00001411-1415 |

**Supplemental Request 4:** Produce all dismissal/removal/summary-withdrawal notices or letters from 2009 forward, pursuant to threat, suicide/suicide ideation concerns, or actions, with student names redacted, but genders indicated.

7

**Response:** Notre Dame objects to this Request because it is overly broad, unduly burdensome, and seeks information that not relevant to any claim or defense to the extent it seeks "*all* dismissal/removal/summary withdrawal notices or letters from 2009 forward." The requested 15-year period is unreasonable. Moreover, the terms "dismissal," "removal," and "summary-withdrawal" are vague and ambiguous. Plaintiff was withdrawn pursuant to the Emergency Action provisions of *du Lac* after being recommended for an emergency removal by TAMT, and as such, it is only records related to similarly situated students which may be relevant to this lawsuit. Further, Notre Dame objects to this Request on the grounds that it seeks information that is protected by FERPA, or otherwise confidential. Even subject to the confidentiality provisions of the stipulated protective order in place in this case, the overbreadth of this request places highly confidential and federally protected personal information of numerous students at risk disproportionate to the needs of this case. This is particularly true in light of Plaintiff's pending attempt to strike the stipulated protective order in this matter and has stated his intention to "leverage[] the publicity" of documents that are confidential and protected from disclosure under applicable law and the Protective Order. Accordingly, Notre Dame will not produce any documents that it deems confidential while Plaintiff's Objection to the Court's ruling on Plaintiff's motion to Strike remains pending.

Subject to and without waiving it objections, Notre Dame will produce in accordance with the statutory and regulatory requirements of FERPA the letters or notices received by the students who were recommended for removal by TAMT and

8

withdrawn by the Assistant Vice President for Student Services, or designee as identified in the list provided in response to Supplement Request No. 2, with the students' names and any other personally-identifiable information redacted, to the extent such documents exist and can be located in a reasonable search of Notre Dame's records.

**Supplemental Response:** On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. Because the stipulated protective order remains in place and following a meet and confer with Plaintiff, Notre Dame supplements its previous response by producing to Plaintiff DEF00001409-1410.

**Supplemental Request 5:** Provide all dismissal/removal/summary-withdrawal notices, letters, and case files enacted through the Assistant Vice President for Student Services from 2009 forward, with student names redacted, but genders included (referenced in DEF0000222).

**Response:** Notre Dame refers to its Response to Supplemental Request 4, expressly incorporating all objections thereto, and additionally objects to this Request to the extent it is duplicative of Supplemental Request No. 4. Notre Dame further objects to this request to the extent it requests "case files," as such term is vague and ambiguous. As set forth in Response to Supplemental Request 4, Notre Dame will produce in accordance with the statutory and regulatory requirements of FERPA (1) the letters or notices received by the students who were recommended for removal by TAMT and withdrawn by the Assistant Vice President for Student Services, or their

9

designee, as identified in the list provided in response to Supplemental Request No. 2, and (2) the case files in connection with any case reviews such students filed to challenge their involuntary withdrawals, with the students' name and any other personally-identifiable information redacted, to the extent such documents exist and can be located in a reasonable search of Notre Dame's records. As also noted in response to Supplemental Request No. 1, Notre Dame is willing to confer with Plaintiff regarding the production of redacted TAMT case records relating to certain of the students identified in Supplemental Request No. 2. However, Notre Dame will not produce any documents designated "confidential" under the Protective Order while Plaintiff's Objection to the Court's ruling on Plaintiff's Motion to Strike remains pending.

**Supplemental Response:** On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. Because the stipulated protective order remains in place and following a meet and confer with Plaintiff, Notre Dame supplements its previous response by producing to Plaintiff DEF00001411-1447.

**Supplemental Request 6:** Produce all emails, communications, notes, memoranda, documents, texts, instant messages, electronic or otherwise, and copies of the same, regarding Bryce Thomas Daniels as subject in the conversation(s) and any other conversation between and/or with Marisa Simon and Christine Holst-Haley regarding Bryce Thomas Daniels (referenced in DEF0000665).

**Response:** Notre Dame objects to this Request as overbroad, unduly burdensome, and irrelevant because it is unlimited in its temporal scope, not

proportional to the needs of the case, and seeks documents not relevant to any remaining claim or defense in this lawsuit. Notre Dame further objects to this Request as vague and ambiguous with respect to the use to the terms "between and/or with." Notre Dame additionally objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or work-product doctrine. Further, Notre Dame objects to this Request on the grounds that it seeks information protected by FERPA, or otherwise confidential. Even subject to the confidentiality provisions of the stipulated protective order in place in this case, the overbreadth of this request places highly confidential and federally protected personal information of numerous students at risk disproportionate to the needs of this case. This is particularly true in light of Plaintiff's pending attempt to strike the stipulated protective order in this matter and his stated intention to "leverage[] the publicity" of documents that are confidential and protected from disclosure under applicable law and the Protective Order. Accordingly, Notre Dame will not produce any documents that it deems confidential while Plaintiff's Objection to the Court's ruling on Plaintiff's Motion to Strike remains pending. Notre Dame also objects to this request to the extent it is duplicative of Plaintiff's First Request for Production of Documents, through which Notre Dame searched for and produced ESI for the custodian Christine Holst-Haley and subject to the terms previously provided.

Subject to and without waiving its objections, Notre Dame responds that it will search for and produce responsive emails maintained by Marisa Simon which contains the search terms "Bryce Daniels" or "Brice Daniels," or are to/from Christine

11

Holst-Haley and contain the terms "Bryce," "Brice" or "Daniels," between August 1, 2021 to August 1, 2022. Notre Dame will also search for and produce any text messages or written documents, including notes, memorandum, or otherwise, held by Christine Holst-Haley or Marisa Simon, relating to the conversation identified in DEF0000665. Any responsive documents withheld for privilege will be logged pursuant to the Federal Rules of Civil Procedure and applicable Court rules or Orders, and responsive documents protected by FERPA will be disclosed in accordance with statutory and regulatory requirements and the Protective Order in this matter. However, Notre Dame will not produce any documents designated "confidential" under the Protective Order while Plaintiff's Objection to the Court's ruling on Plaintiff's Motion to Strike remains pending.

**Supplemental Response:** On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. Because the stipulated protective order remains in place and following a meet and confer with Plaintiff, Notre Dame supplements its previous response by producing to Plaintiff DEF00001172-1237, DEF00001239-1242, DEF00001364-1374, DEF00001379-1399, and DEF00001404-1407.

II. **Notre Dame's Supplemental Production in Response to Plaintiff's Second Supplemental Requests for Production.**

**Supplemental Request 1:** Provide all documents relating to Bryce Thomas Daniels' applications for admission including, but not limited to, Bryce Thomas Daniels' application and associated notes/notations/comments/evaluations for admission for Fall of 2021, emails between and documents shared among administrators/employees of Notre Dame regarding Bryce Thomas Daniels's readmission application or application materials such as UCC clearance, Bryce Thomas Daniels's readmission application along with any notes, notations, comments or evaluations, the identity of

12

those on the Fall 2021 admissions committee, the identity of those on the current readmission committee, and all correspondence and notes involving the UCC clearance process and any third parties such as Memorial Epworth.

**Response:** Notre Dame objects to this request as vague and ambiguous with respect to the phrases "notes/notations/evaluations," "application materials," UCC clearance," "Fall 2021 admissions committee," and "current readmission committee." Notre Dame also objects to the request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's remaining claims allege that he was treated differently than a student of another gender was treated in similar circumstances with respect to his emergency removal in November 2021 and the results of the conduct proceedings against him in June 2022. However, Plaintiff did not apply for readmission until Spring 2024 and a decision by Notre Dame has not yet been rendered; documents related to his initial admission to the University, as well as documents relating to pending readmissions proceedings three years after the alleged discrimination are not relevant to any claim or defense of this lawsuit, and will not be produced. Notre Dame further objects to this request to the extent it is cumulative with previous discovery, specifically Request for Production No. 4 in Plaintiff's January 23, 2023 discovery requests. Notre Dame further objects to this request to the extent it seeks documents subject to attorney-client privilege or prepared in the course of or anticipation of litigation. Finally, Notre Dame objects to this Request on

13

the grounds that it seeks information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99, or is otherwise confidential. Accordingly, Notre Dame will not produce any documents that it deems confidential while Plaintiff's objection to the Court's ruling on Plaintiff's Motion to Strike remains pending.

**Supplemental Response:** On October 29, 2024, the Court denied Plaintiff's Rule 72(a) objection to Magistrate Judge Martin's opinion denying his Motion to Strike the Protective Order [DE 96]. *See* Dkt 117. Additionally, on June 10, 2024, Notre Dame Law School notified Plaintiff that it was unable to extend him an offer of readmission because he failed to meet the requirements of readmission. Because the stipulated protective order remains in place and the status of Plaintiff's application for readmission has changed, Notre Dame supplements its previous response by producing to Plaintiff DEF00001172-1233 and DEF00001273-1408.

Date: February 18, 2025

Respectfully Submitted,

/s/ Stephen M. Judge
Stephen M. Judge
Kimberly A. Kennedy
SouthBank Legal
100 E. Wayne Street, Suite 300
South Bend, Indiana 46601
Tel: (574) 968-0760
Fax: (574) 968-0761
sjudge@southbank.legal
kkennedy@southbank.legal

*Counsel for Defendant*
*University of Notre Dame*

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and also sent via U.S. mail and email to Plaintiff *pro se* at the address below:

Bryce Thomas Daniels
5505 Seminary Road
Unit #317N
Falls Church, Virginia 22041
Tel: (214) 909-2108
bryced@sas.upenn.edu

/s/ Stephen M. Judge
Stephen M. Judge

*Attorney for Defendant*
*University of Notre Dame*