IN THE UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYCE THOMAS DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3-22-cv-00698-PPS-JEM |
| | ) |
| UNIVERSITY OF NOTRE DAME, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNIVESRITY OF NOTRE DAME'S NOTICE OF
SUPPLEMENTAL PRODUCTION OF DOCUMENTS**

Defendant University of Notre Dame ("Notre Dame"), by and through its undersigned counsel, notifies the Court of its supplemental document production to Plaintiff in response to Plaintiff's Supplemental Requests for Production and Second Supplemental Requests for Production pursuant to Fed. R. Civ. P. 34 and N.D. Ind. L. R. 26-2(a)(2)(A). Consistent with undersigned counsel's understanding of local practice under N.D. Ind. L.R. 26-2(a)(2)(A), Notre Dame is filing a copy of its Supplemental Responses to Plaintiff's Supplemental Requests for Production and Second Supplemental Requests for production but is *not* filing the 290 pages of documents themselves. *See Scott v. UAW Solidarity House*, 2016 WL 7367790, at *2 (N.D. Ind. Dec. 19, 2016) ("Northern District of Indiana Local Rule 26-2 states that discovery shall not be filed except under certain circumstances, including when one of the parties is a pro se litigant. Under this circumstance, all discovery involving the pro se party must be filed. The only documents that should be filed are discovery

requests laid out in the Federal Rules of Civil Procedure, including interrogatories, requests for admission, requests for production, and the like, and the responses thereto.").

To the extent this Court interprets N.D. Ind. L.R. 26-2(a)(2)(A) to require that all documents or other materials exchanged in discovery, and not just formal requests and responses themselves, be filed on the docket, Notre Dame respectfully requests relief from this obligation due to the confidential nature of many of the documents. Not filing with the Court will not prejudice the public because pretrial proceedings are "generally conducted in private," and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 33 (1984). Further, it would not be efficient for either party to discern on a document-by-document basis which documents warrant sealing from the public. To the extent that Plaintiff wishes to file any confidential documents in support of his claims in this matter for any reason, it would be more efficient to determine whether sealing is appropriate at the time of filing.

For these reasons, Notre Dame respectfully requests that the Court grant relief from any requirement of N.D. Ind. L. R. 26-2(a)(2)(A) requiring the Parties to file document production with the Court.

Date:  February 18, 2025  Respectfully Submitted,

/s/ Stephen M. Judge
Stephen M. Judge
Kimberly A. Kennedy
SouthBank Legal
100 E. Wayne Street, Suite 300
South Bend, Indiana 46601
Tel: (574) 968-0760
Fax: (574) 968-0761
sjudge@southbank.legal
kkennedy@southbank.legal

*Counsel for Defendant
University of Notre Dame*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and also sent via U.S. mail and email to Plaintiff *pro se* at the address below:

Bryce Thomas Daniels
5505 Seminary Road
Unit #317N
Falls Church, Virginia 22041
Tel: (214) 909-2108
bryced@sas.upenn.edu

/s/ Stephen M. Judge
Stephen M. Judge

*Attorney for Defendant
University of Notre Dame*