UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRYCE THOMAS DANIELS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 3:22-CV-698-PPS-JEM |
| | ) | |
| UNIVERSITY OF NOTRE DAME, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Bryce Thomas Daniels's Motion to Compel Production of Documents [DE 129], filed March 7, 2025. Defendant filed a response on March 21, 2025, and on March 25, 2025, Plaintiff filed a reply. On March 25, 2025, Defendant filed a motion to seal Plaintiff's reply brief and attendant exhibits [DE 134]. This matter is also before the Court on a motion requesting an extension of the discovery deadline to allow enough time for the parties to complete needed depositions [DE 142], filed by Plaintiff on May 27, 2025.

**I.    Background**

Plaintiff Daniels, who is proceeding without counsel, is suing Defendant Notre Dame for alleged civil rights violations and other damages arising out of his dismissal from the University of Notre Dame Law School following a complaint against him by another student and an assessment by the Threat Assessment Management Team ("TAMT").

Plaintiff requests that the Court compel Defendant to provide ten years' worth of records regarding male students who Notre Dame's Threat Assessment and Management Team recommended be dismissed from school and male students who "have been alleged to feel suicidal ideation, possess firearms on campus, or have threatened other students." Defendant argues that

1

the request does not seek relevant information and the burden of providing the requested information outweighs any possible relevance.

## II. Motion to Seal

Defendant requests that the Court seal Plaintiff's reply brief and the accompanying exhibits because they contain confidential and sensitive information that is subject to the protective order in this case and should not be available on the public docket. Although Plaintiff filed the documents without moving for their sealing, Defendant represents that he does not object to the request that they be sealed.

Proceedings in federal court are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A court should permit the sealing of documents only if there is good cause to do so; that is, the property and privacy interests of the movant trumps the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). In this case, review of the documents reveals that the reply brief and its attachments include and discuss confidential information that should not be on the public docket. Although typically it would be Plaintiff's responsibility to provide redacted documents, he is the one who placed the confidential information on the docket in the first place, so Defendant is directed to file a redacted version of the brief. The exhibits will remain under seal in their entirety.

## III. Analysis

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged

2

matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*citing Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Plaintiff moves to compel Defendant to produce information responsive to his request for information dating from 2014 about male students the TAMT recommended be dismissed from the school and an anonymized list of male students "about whom the University is aware have been alleged to feel suicidal ideation, [who] possess firearms on campus, or [who] have threatened other students," with an indication of their "gender, category, and whether they were dismissed from the University." Defendant argues that this information is not relevant because Plaintiff's claims are for selective enforcement: that the severity of the penalty he faced was affected by his gender, or, in other words, that he was treated less favorably than a similarly situated woman would have been. Plaintiff argues that he need not put forward evidence that he was treated less favorably

3

than a female student but is seeking evidence that Defendant showed patterns of anti-male bias.

In the operative complaint Plaintiff lays out Defendant's policies for investigating student allegations, including sexual allegations, and points out that women are most often the ones who complain of sexual misconduct. Although he uses the word "bias" frequently, the factual allegations are centered on his experience, without factual support of a pattern or practice of broader gender bias and, despite his emphasis on alleged gender bias in universities investigating allegations of sexual misconduct, the behavior that led to Plaintiff's dismissal was not sexual in nature. *C.f. Doe v. Loyola Univ. Chicago*, No. 18 CV 7335, 2020 WL 406771, at *4 (N.D. Ill. Jan. 24, 2020) (finding that Doe was entitled to discovery where he "alleged specifically that Loyola adopted a gender biased, 'survivor-centered approach' to sexual misconduct allegations that overtly protected and favored female complainants, presumed a violation of University policy had occurred, placed upon accused male students the burden of proving their innocence, and accorded special treatment, including legal assistance, to one party, the female complainant/'survivor,' but not to the other party, the accused male student.") (internal quotations omitted). Plaintiff has not shown that the requested ten years' worth of sensitive mental health information about other male students is likely to be relevant to his claims of gender discrimination.

Furthermore, even if the operative Complaint can be read broadly to include a sufficient factual basis for gender bias, the burden of producing such a large amount of very sensitive information is disproportionate to the small likelihood that the requested discovery will be relevant. Defendant points out that the information Plaintiff is seeking includes confidential records subject to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. Although it has redacted personally identifiable information from previous

4

discovery responses, it argues that redacting names and addresses may not be enough to de-identify students in the records requested here, so more in-depth redaction is required and still may not be sufficient. The Court agrees that the burden and expense involved in the level of redaction that would be required, as well as the risk to students of their sensitive information being made known, "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This is particularly true in light of Plaintiff's cavalier treatment of sensitive information in this case: for example, Plaintiff has argued that the information provided in this case should not be subject to a protective order and has filed information he knows to be subject to that protective order on the public docket, not accompanied by a motion to seal.

The Court will not compel Defendant to produce the requested information. Although the motion is denied, given the *pro se* nature of Plaintiff and the nature of the particular arguments about relevance, the Court concludes that the award of expenses is unjust. Fed. R. Civ. P. 37(a)(5)(B).

### IV.  Conclusion

For the foregoing reasons, the Court hereby:

1) **DENIES** Plaintiff Bryce Thomas Daniels's Motion to Compel Production of Documents [DE 129];

2) **GRANTS** Defendant's Unopposed Motion to Seal Plaintiff's Reply Brief to his Motion to Compel Production of Documents [DE 134];

3) **DIRECTS** the Clerk of Court to **RETAIN AS SEALED** the brief and exhibits at [DE 133] and [DE 133-1-6];

4) **ORDERS** Defendant to file a version of the reply brief with the sensitive information

5

redacted by **June 11, 2025**;

5) **GRANTS** Plaintiff Bryce Thomas Daniels's Unopposed Motion to Extend Deadline for Discovery [DE 142]; and

6) **ORDERS** that the fact discovery deadline is **extended** to **June 16, 2025**.

SO ORDERED this 4th day of June, 2024.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record  
Plaintiff, *pro se*