UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYCE THOMAS DANIELS,

    Plaintiff,

    v().

UNIVERSITY OF NOTRE DAME,

    Defendant.

Case No. 3:22-CV-698-GSL

## OPINION AND ORDER

This matter is before the Court on Objections Under Fed. R. Civ. P. 72(a) [DE 148] filed by Plaintiff Bryce Thomas Daniels, *pro se*, on June 16, 2025. Defendant University of Notre Dame filed a response on June 30, 2025.

### BACKGROUND

Plaintiff has brought suit for alleged civil rights violations related to his dismissal from the University of Notre Dame Law School following a complaint made against him by a fellow student in 2021.

On March 7, 2025, Plaintiff asked the Court to compel Defendant to produce documents regarding others monitored or recommended for dismissal since 2009 by Defendant's Threat Assessment and Management Team (TAMT) and to provide a list of Defendant's students with certain similarities to Defendant, including an indication of whether each student was dismissed from the university.

Defendant opposed the request, arguing that it was a "fishing expedition" and that Defendant had provided evidence that there was no female student similarly situated to Plaintiff. Defendant also argued that any marginal relevance the requested documents had were

outweighed by the risk presented by the disclosure of those highly sensitive, statutorily protected records.

Magistrate Judge John Martin denied Plaintiff's motion, finding that the requested information was not relevant and also finding that, even if there information was relevant, the burden of producing the sensitive information was disproportionate to the needs of the case. Plaintiff timely filed his objections to Judge Martin's decision.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that a party may object to a magistrate judge's rulings on non-dispositive matters and that the presiding district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Axis Ins. v. Am. Specialty Ins. & Risk Servs., Inc.*, 340 F.R.D. 570, 572 (N.D. Ind. 2021) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

## ANALYSIS

Plaintiff asks the undersigned to review the magistrate judge's discovery ruling. In a civil case, the general scope of discovery is:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*,

329 U.S. 495, 501 (1947)). When the parties dispute whether information is discoverable, a party can ask the Court to compel discovery. Fed. R. Civ. P. 37(a)(1). The party resisting a discovery request has the burden of showing why the request is improper. *Equal Emp. Opportunity Comm'n v. Heart of CarDon, LLC*, 339 F.R.D. 602, 605 (S.D. Ind. 2021).

Rule 34 of the Federal Rules of Civil Procedure governs requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control," including documents. Fed. R. Civ. P. 34(a)(1).

Among other discovery requests, Plaintiff served these requests for production on Defendant:

> Request for Production No. 1: Produce all policies procedures, organization documents, records of recommendation for dismissal since 2009 (including gender and reason(s) for recommendation, records of those monitored since 2009 (including gender and reason(s) for monitorship) for the Threat Assessment and Management Team ("TAMT").
>
> Request for Production No. 2: Provide a list of all students at Notre Dame about whom the University is aware have been alleged to feel suicidal ideation, possess firearms on campus, or have threatened other students (student reports, OCS, UCC visits, Memorial Epworth evaluations/admissions, etc.) since 2009 with names redacted but gender, category, and whether they were dismissed from the University indicated.

Defendant objected on grounds of overbreadth and disproportionality. By concession, Plaintiff narrowed his requests to go back in time only to 2014 instead of 2009 and to only inquire about students. Ultimately, Defendant provided only records of females monitored by TAMT. The parties' dispute is whether Defendant must produce documents about male students from 2014 forward.

Plaintiff asserts that Judge Martin incorrectly found that Plaintiff's allegations are about behavior that was not sexual in nature. However, Judge Martin's statement tracks the operative

complaint, in which Plaintiff alleges that the TAMT proceeding against him was instigated "on the basis that Plaintiff said 'hey' to [the complainant] in passing through the law-school library," 2d Am. Compl. ¶ 1, ECF No. 125, and other "de minimis interactions," *id.* ¶ 4. The factual allegation closest to describing a sexual encounter, relationship, or undertone is that Plaintiff offered to buy the complainant lunch after she bought him and a third party doughnuts after a religious service. *Id.* ¶¶ 26, 28. Plaintiff also alleges that the Notre Dame Police Department labeled Plaintiff's and the complainant's interactions as a "stalking" matter. *Id.* ¶ 85. In paragraph 106 of the complaint, Plaintiff alleges the conclusory fashion that "a female accused male Plaintiff of sexual misconduct," but he does not provide detail as to any allegations other than those listed above, and Plaintiff's factual allegations of the specific behaviors that led to the complaint being filed against him are not about sexual behaviors. Judge Martin did not make any factual findings but instead summarized Plaintiff's allegations. There is no clear error or contrariness to the law here.

Plaintiff also argues that Judge Martin's decision does not follow Seventh Circuit precedent. In *Doe v. Purdue*, the case presented by Plaintiff in support of this argument, the Seventh Circuit declined to categorize Title IX claims into theories of liability, instead saying that the question to resolve—in the context of a motion to dismiss—is "do the alleged facts, if true, raise a plausible inference that the university discriminated against [the plaintiff] 'on the basis of sex'?" 928 F.3d 652, 667–68 (7th Cir. 2019). Plaintiff relies on *Doe v. Purdue* to support his asserted need for the material withheld from his discovery request. In that case, the Seventh Circuit found that a "Dear Colleague" letter and the pressure exerted by it provides "a story" that might explain Purdue University's alleged motivation to discriminate against males accused of sexual assault. *Id.* at 669. Plaintiff argues that the information about male students is relevant

4

because it will, in addition to the same Dear Colleague letter from *Doe v. Purdue*,[1] show Notre Dame's general inclination toward anti-male bias. The Court assumes without deciding that the requested information falls within the broad definition of relevance.

However, discovery must be both relevant *and* proportional. Judge Martin found that the sensitivity of the information requested outweighs its potential utility to Plaintiff. The information includes confidential records governed by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Defendant argued that redaction of names and addresses may not be enough to prevent the students' identities from becoming known and that even further redaction may be insufficient. Judge Martin, in rendering his decision, also noted "Plaintiff's cavalier treatment of sensitive information in this case," which includes filing information known to be subject to a protective order openly on the public docket without a request to seal the information. Also, Plaintiff already has the Dear Colleague letter, which he argues support his theory of anti-male bias. He also says that, through deposition testimony, he has "received . . . personal knowledge of Notre Dame repeatedly making conduct determinations of male and female students yet imposing the harsh penalty of removal from school upon only males for the same conduct." Obj. at 10,[2] ECF No. 148. This being so, the requested information about male students, if it supports Plaintiff's position, would be cumulative. Therefore Judge Martin's order denying the motion to compel is neither clearly erroneous nor contrary to law. Therefore, the Court overrules Plaintiff's objections.

---

[1] The 2011 Dear Colleague Letter from *Doe v. Purdue* was also no longer in effect in 2021. It was withdrawn by a subsequent Dear Colleague Letter dated September 22, 2017. U.S. Dep't of Education, Office for Civil Rights, *Dear Colleague Letter* (Sept. 22, 2017); *see also* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 FR 30026 (May 19, 2020) (noting the withdrawal of the 2011 Dear Colleague Letter in footnote 8).

[2] The Court uses the pagination from the CM/ECF header and not from the bottom of the page.

## CONCLUSION

For these reasons, the Court hereby **OVERRULES** the Objections Under Fed. R. Civ. P. 72(a) [DE 148].

SO ORDERED.

ENTERED: October 10, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court