**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| BRYCE THOMAS DANIELS,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:22-CV-698-PPS-JEM |
| | ) | |
| UNIVERSITY OF NOTRE DAME,<br>Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Bill of Costs [DE 172], filed by Defendant on June 9, 2026. On June 24, 2026, District Court Judge Gretchen S. Lund issued an Order [DE 176] referring the Bill of Costs [DE 172] and Plaintiff's objection to the Bill of Costs [DE 175] to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant filed a response to Plaintiff's objection on July 7, 2026. No reply or other briefing was filed.

## I. Background

On August 25, 2022, Plaintiff Bryce Daniels, proceeding without counsel, filed a complaint for alleged civil rights violations and other damages arising out of his dismissal from the University of Notre Dame Law School following a complaint against him by another student and an assessment by the Threat Assessment Management Team. On August 25, 2023, Defendant's motion to dismiss was granted in part, leaving Plaintiff's claims for gender discrimination and breach of contract pending. On May 28, 2026, Judge Gretchen S. Lund granted Defendant's motion for summary judgment and judgment was entered against Plaintiff on all counts. On June 9, 2026, Defendant filed its bill of costs for $4,241.80 in fees for transcripts obtained for use in this case

and attached the relevant invoices. Plaintiff filed his objection on June 23, 2026. On June 25, 2026, Plaintiff filed a notice of appeal to the Court of Appeals for the Seventh Circuit.

**II. Analysis**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).

"For the purposes of Rule 54, a party is deemed 'prevailing' if it prevails as to a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (quoting *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996)). In this case, Defendant's motion for summary judgment was granted, directing the Clerk of Court to enter judgment in favor of Defendant and against Plaintiff. Thus, Defendant is the prevailing party; accordingly, there is a presumption that his costs are awarded. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993), *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id*. On the other hand, to award costs, the Court "simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th

Cir. 1995). "[T[here is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir.1991); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988)).

The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent," *Mother & Father v. Cassid*y, 338 F.3d 704, 708 (7th Cir. 2003), and "the indigence exception . . . is a narrow one." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). Courts engage in a two-step analysis when ruling upon a claim of indigency. *Bonds v. Fizer*, 69 F. Supp. 3d 799, 808 (N.D. Ill. 2014). "First, the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)); *see also Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted).

Plaintiff did not proceed in this case in forma pauperis and his petition to proceed on appeal in forma pauperis was denied. He has not provided a sworn affidavit regarding his income, assets, and expenses but does include some documentation, consisting of a bank statement [DE 175-4] and a document titled "Account Summary by Term" [DE 175-5]. Plaintiff provides a single month's overview of his finances, without an affidavit or reference to what other assets he may

have. He represents that he is a law student primarily living off of public assistance, student loans, and a summer job. The "Account Summary by Term" apparently addresses fees due by Plaintiff to the law school at which he is a student but does not include amounts or information that allows the Court to determine much about Plaintiff's long-term financial situation. In his motion, Plaintiff mentions that he was previously offered a much higher paying summer job. Although he is not working at that job, it appears that Plaintiff is in law school with the intention of obtaining a job upon graduation with a salary sufficient to make payments on his student loans. He is therefore presumably capable of payment in the fairly near future, if not immediately. *See Cannon v. Filip*, 163 F.4th 430, 440 (7th Cir. 2025) (finding no abuse of discretion where "district court found that he had not shown an inability to pay because he submitted *no* evidence about whether he could afford to pay the roughly $4,000 cost award in the foreseeable future"). Plaintiff has not produced sufficient documentation to establish inability to pay.

Next, the Court is instructed to "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera* 635. In this case, Defendant is only seeking costs in the amount of $4,241.80, reflecting fees paid to prepare transcripts of depositions in this case. Defendant was successful on summary judgment, and the Court notes that Plaintiff continues to misrepresent or, at the very least, overstate facts: The opinion granting summary judgment refers multiple times to Plaintiff mischaracterizing and misconstruing the evidence he cites, *see, e.g.*, Opn. p. 13, 27, 28 [DE 170], and in the instant objection, Plaintiff makes much of the supposed fact that Defendant admitted in its reply brief to the motion for summary judgment "that the allegations against Mr. Daniels were patently 'exaggerated or untrue.'" Pl. Br. p. 2 [DE 175]. However, review of the document reveals the full statement in context to be an assertion as part of a larger legal argument that "the evidence,

taken in the light most favorable to Daniels, suggests *at most* that" some reports on which Defendant relied in making it determinations "turned out to be exaggerated or untrue." Def. Br. p. 4 [DE 168] (emphasis in original). Plaintiff's willful exaggerations and misstatements do not indicate good faith, and he was completely unsuccessful in opposing the motion for summary judgment.

Fees for transcripts obtained for use in the case are explicitly included in the list of allowable costs, along with a number of costs Defendant is not seeking. 28 U.S.C. § 1920; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). The amount of fees requested by Defendant are fairly minimal, reflecting only fees for transcripts – transcripts relied on by Plaintiff in his prosecution of this case, including in the instant motion. *See Majeske*, 218 F.3d at 825 ("a transcript need not be 'absolutely indispensable in order to provide the basis of an award of costs'") (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). "There is a presumption that the prevailing party will recover costs, and <u>the losing party bears the burden of an affirmative showing</u> that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (emphasis added) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991)). Plaintiff has not met this burden.

**III. Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** the request contained within the Bill of Costs [DE 172] and allocate to Plaintiff costs in the amount of $4,241.80.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 20th day of July, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*
District Court Judge Gretchen S. Lund